# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Austin, et al., | No. CV-19-00238-TUC-JAS |
| Plaintiffs, | **ORDER** |
| v. | |
| Transamerica Life Insurance Company, | |
| Defendant. | |

The Court has reviewed the briefing, attachments, and authority pertaining to Defendant's motion to dismiss. *See* Docs. 12, 14, 17. In addition, the Court has reviewed the filings and authority pertaining to Plaintiff's motion to supplement the opposition to the motion to dismiss. *See* Docs. 19, 21. Based on its review of the record and authority, it appears that the supplemental information referenced in Doc. 19 could impact the allegations and claims in this case, and Plaintiffs also seek to add allegations and claims relating to fraud. In light of the foregoing, the Court will give Plaintiffs a final opportunity to file one more amended complaint that includes all allegations and claims it wishes to pursue in this case; the final amended complaint shall be filed no later than 1/31/20, and no more amendments will be allowed in this case.

As the Court is directing Plaintiffs to file a final amended complaint, the Court will deny Defendant's motion to dismiss without prejudice with leave to file a new motion within 30 days of the filing of Plaintiffs' final amended complaint[1]; Plaintiffs shall file a

---
[1] The motion to supplement is only granted to the extent that the Court is directing Plaintiffs to file a final amended complaint.

response within 30 days, and Defendants shall file a reply within 17 days.[2] *See*, *e.g.*, *Ferdik v. Bonzalet*, 963 F.2d 1258, 1262 (9th Cir. 1992)[3] (it is a "well-established doctrine that an amended pleading supersedes the original [or previously filed] pleading . . . after amendment the original [or previously filed] pleading no longer performs any function and is treated thereafter as non-existent."); *Bullen v. De Bretteville,* 239 F.2d 824, 833 (9th Cir. 1956)("It is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent . . . Once amended, the original no longer performs any function as a pleading and cannot be utilized to aid a defective amendment."); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567-68 (9th Cir. 1987)("[Plaintiffs] contend that the district court erred in holding that their amended complaint superseded their original complaint. This contention is meritless. All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)("It has long been the rule in this circuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). To the extent a new motion to dismiss, response, and reply will be filed as to Plaintiffs' final amended complaint, these briefs shall stand on their own, and shall not reference or incorporate previous briefing.

Lastly, the Court notes that Defendant raises some meritorious arguments in their motion to dismiss. In drafting the final complaint, Plaintiffs should carefully consider those arguments, what state's law likely applies to any claims that will be asserted in this case, and draft the final amended complaint to address potential deficiencies, or otherwise omit allegations or claims that can not be legitimately corrected. In addition, Plaintiffs should consider citing to and attaching any contractual provisions or other related documentary

---

[2] If these deadlines do not work for the parties, the parties are free to stipulate to different deadlines and submit a proposed order to the Court.
[3] Unless otherwise noted by the Court, internal quotes and citations have been omitted when citing case law in this Order.

evidence in support of their claims. In responding to any future motion to dismiss, Plaintiffs should directly address what state's law applies to this case, and cite to any contractual provisions or other related documentary evidence that supports their position; Plaintiffs should be prepared to cite the correct state's law and explain how the allegations in the final complaint support those claims under that state's law.[4]

Dated this 23rd day of December, 2019.

Honorable James A. Soto
United States District Judge

---

[4] The Court notes that Defendant argues that Wisconsin law applies in this case. As to the lack of standing issue (as to the children) related to this life insurance dispute, it appears that Defendant relies primarily on an Arizona state case for dismissal, but relies on Wisconsin law for the other claims; in the new motion to dismiss, Defendant should clarify its position as to whether Wisconsin (or Arizona law) supplies the basis for dismissal related to standing.