**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Austin, et al., | No. CV-19-00238-TUC-SHR |
| Plaintiffs, | **ORDER** |
| v. | |
| Transamerica Life Insurance Company, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 28). Plaintiffs Margaret Austin, Jill Gershan, and Mark Hinderberg assert claims against Defendant Transamerica for declaratory relief, breach of contract, breach of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, fraud by concealment, fraud by omission, and common law fraud based upon a projected increase in premiums. Defendant argues the Complaint should be dismissed based on the undisputed language of the Policy and because the insurance broker, Mr. Kaplan was not an agent of Defendant. For the reasons stated below, the Motion to Dismiss is granted.

**I.     BACKGROUND**

On August 1st, 2001, Plaintiff Margaret Austin was sent a letter by Insurance Broker Thomas Kaplan stating she was approved to purchase various life insurance

policies. Mr. Kaplan informed Plaintiff Austin that Defendant Transamerica Occidental Life (Transamerica) offered the best program at the most competitive premium, with a death benefit of $300,000 and an ongoing annual premium of $5,000. *See* FAC, Ex. A. Plaintiff's Transamerica Policy states on its first page the Policy is for "Adjustable Life Insurance" and "the benefits, values, and interest rates are on a variable basis." *See* Decl., Ex. C (Policy) at 001. On or about October 18, 2018, Plaintiff Austin received an illustration from Defendant showing her annual premium between ages 92 and 100 would be $31,298. *See* FAC ¶ 155.

The Court denied Defendant's previous Motion to Dismiss, stating "choice of law is a threshold issue here," and directing Defendants to refile their Motion to Dismiss citing to Florida state law. *See* Doc. 35.

## II.     STANDARD OF REVIEW

The dispositive issue raised by a motion to dismiss for failure to state a claim is whether the facts as pleaded, if established, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989). In reviewing a motion to dismiss for failure to state a claim, a court's review is limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18, F.3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Id*. A complaint should not be dismissed unless it appears beyond doubt a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id*. *See also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)("while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level ….")(internal quotes and citations omitted).

### III.  DISCUSSION

#### A. Vicarious Liability

Plaintiffs' Complaint relies solely on the conduct and representations of the insurance broker, Mr. Kaplan. Defendant argues the Complaint should be dismissed in part because Mr. Kaplan was not Defendant's agent as a matter of law, thus, Defendant cannot be vicariously liable for his actions.

As a general principle, an insurance broker is an agent of the insured not the insurer. *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 776 (Fla. 1998). However, Florida law provides, "an insurer may be held accountable for the actions of those whom it cloaks with 'apparent agency.'" *Id.* at 777. Florida courts employ a three-prong test to determine the existence of an apparent agency: "first, whether there was a representation by the principal; second, whether a third party relied on that representation; and, finally, whether the third party changed position in reliance upon the representation and suffered detriment." *Id*. Evidence of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." *Id*.

Plaintiffs claim that Defendant is vicariously liable for Mr. Kaplan's representations fails due to his status as a broker rather than an agent for Transamerica.

Mr. Kaplan acted as Plaintiff's broker at the time of contracting, as represented in his letter to Plaintiff Austin in which he states, "several different life insurance carriers have approved you," and "[b]oth Ken Bernstein and I thank you very much for this additional opportunity to assist you and your family in with [sic] your financial planning." FAC, Ex. A. Additionally, the letterhead lists the company as "Bernstein, Kaplan & Krauss LLC" clearly representing itself as a separate entity from Defendant Transamerica. *Id*. Further, Mr. Kaplan obviously appears to have been considering multiple life insurance carriers, an action not indicative of a Transamerica agent.

The allegations presented fail to establish Mr. Kaplan acted as an agent of Defendant. The allegations and the letter make clear Mr. Kaplan acted as a broker and Plaintiff Austin's agent, thus, Defendant may not be held vicariously liable for his conduct.

### B. Declaratory Relief and Breach Of Contract

The Court addresses both the breach of contract and declaratory relief claims together as their analysis overlaps.

Plaintiff seeks "a declaration that Plaintiff only need to pay a premium of $5,000 annually between Plaintiff's ages 93 and 100 to keep the $300,000 face amount of coverage." FAC, ¶ 179. Under Florida Law, "when interpreting a contract, a court should give effect to the plain and ordinary meaning of its terms." *Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So.2d 827, 829 (Fla. 4th DCA 2004). Furthermore, if the terms of an insurance contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning, and, unless an ambiguity exists, a court should not

resort to outside evidence or the complex rules of construction to construe the contract. *Key v. Allstate Ins. Co*., 90 F.3d 1546, 1549 (11th Cir. 1996).

Plaintiffs fail to allege the Policy makes a guarantee of $5,000 annual premiums until the insured's death. In fact, the Policy explicitly states that fixed required premiums were only set for the first five years. *See* Decl., Ex. C (Policy) at 003[1]. The Policy also states the maximum rate charged annually would more than quadruple from ages 93 to 100 in order to sustain the policy. *See* Decl., Ex. C (Policy) at 004. Ambiguity is not present in this contract and Plaintiffs' subjective understanding of the contract is not a substitute for the clearly stated provisions of the Policy. Plaintiffs fail to identify any contractual provision that states the annual premiums would never increase; instead, the Policy's terms are clear - premiums would be variable.  Thus, the declaratory relief claim is dismissed.

Plaintiffs' breach of contract claim fails for similar reasons. Plaintiffs claim the contract was breached by Defendant when they refused to honor the "promised" death benefit without paying increased premiums. FAC, ¶ 184. As Defendant explains, Plaintiffs are still living, and Defendant has denied no claim, thus the claim is not ripe. *Moynihan v. W. Coast Life Ins., Co.,* 607 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009) ("[A]meliorating a Plaintiff's angst and uncertainty does not give rise to an Article III claim. . . . Until [the insurer] exercises its rights under the policy to deny the claim,

---

[1] A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Defendant attached the Policy to the Motion to Dismiss. The Court will consider the Policy because, (1) Plaintiff did not dispute its authenticity; and (2) Plaintiff has alleged the existence of the Policy in the complaint and the complaint "necessarily relies" on the Policy language.

Plaintiff cannot maintain that there has been a breach or that his rights have been affected.") Plaintiffs also fail to allege if or how Defendant has breached any provision of the Policy. As such, Plaintiffs' breach of contract fails to state a claim upon which relief may be granted and is dismissed.

### C. Implied Duty Of Good Faith And Fair Dealing

Plaintiffs fail to effectively dispute Defendant's arguments and therefore concede the bad faith claim is not viable.

Under Florida law, the implied covenant of good faith and fair dealing is a part of every contract. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999); *see also County of Brevard v. Miorelli Eng'g, Inc.*, 703 So.2d 1049, 1050 (Fla.1997) ("[E]very contract includes an implied covenant that the parties will perform in good faith."). However, breach of the implied covenant of good faith *cannot be maintained in the absence of breach of an express contract provision*. *Id.* (emphasis added).

As discussed above, the express terms dictate the contract's premiums are adjustable and at no point are they described as fixed annual premiums. *See* Decl., Ex. C (Policy) at 001. The administration of the contract's express terms cannot, as a matter of law, result in bad faith. As such, Plaintiff has failed to state a viable claim for breach of the implied duty of good faith and fair dealing; therefore, the claim is dismissed.

### D. Negligent Misrepresentation, Fraudulent Misrepresentation, Fraud By Concealment, Fraud By Omission, And Common Law Fraud

The Court addresses Plaintiffs' negligent misrepresentation claim and the various

fraud claims together, as their analysis overlaps. Defendant argues all fraud claims contained in the complaint are time-barred pursuant to Florida's "fraud statute of repose." The Court agrees.

Pursuant to Florida's statute of repose contained in section 95.031(2), fraud claims "must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." § 95.031(2), Fla. Stat. As explained by the Florida Supreme Court, "the statute of repose runs from the date of the commission of the alleged fraud" and "[t]here is no tolling provision for the fraud statute of repose." *Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 696 (Fla. 2015) (quotations omitted).

Here, all fraud claims stem from the alleged false representations made by Thomas Kaplan on or before August 1, 2001, in connection with the sale of the Policy. Plaintiffs filed their Original Complaint nearly 18 years later, on March 26, 2019. Doc. 1-3. Plaintiffs incorrectly argue there was "wrongful conduct" during the period of repose, specifically in a November 13, 2018 letter, that eliminates the repose period. However, the Complaint contains no such allegations. Instead, the Complaint merely states the letter referred Plaintiff Austin to the Policy's guaranteed interest rates and monthly deduction rates. *See* FAC, ¶¶ 164-169. Accordingly, the Court must dismiss Plaintiffs' claims for fraudulent misrepresentation, fraud by concealment, fraud by omission, and common law fraud.

Negligent misrepresentation claims must also meet heightened Rule 9(b) pleading requirements. *See HM Hotel Properties v. Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850,

854-55 (D. Ariz. 2012). "The complaint 'must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Id.* at 854 (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir 1986)).

Plaintiffs fail meet the requisite Rule 9(b) standards. Plaintiffs do not identify any negligent statements made by Defendant, nor do Plaintiffs allege any reasonable reliance to their detriment based on any statement by Defendant. Plaintiffs rely solely upon representations made by Mr. Kaplan, and as previously addressed, Defendant is not vicariously liable for his conduct, as such, the claim is dismissed.

Plaintiffs' fraud claims must also meet the heightened Rule 9(b) requirements. *Id.* ("The complaint 'must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"). Plaintiffs fail to meet this standard for the same reasons as detailed above. Plaintiffs' claims are based on statements made by Mr. Kaplan in his letter of August 1, 2001.

Plaintiffs' claims of omission are similarly threadbare and conclusory. Plaintiffs make no allegation the Policy's terms were concealed, and it is clear from the language on the Policy's first page it is an adjustable premium policy. Illustrations of the Policy's projected cost were made available and even referenced by Plaintiff in the complaint. *See* FAC ¶¶ 143-56. Plaintiffs do not identify any fraudulent statements made by Defendant, and as such, fail to adequately support their claim.

### E. Permission to Further Amend the Complaint

If the plaintiff "fails to state a claim on which relief may be granted," the District Court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). Dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, but if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

Here, the Court finds the deficiencies in the Complaint cannot be cured by amendment. The Complaint relies solely on the conduct and representations made by Mr. Kaplan and Mr. Kaplan is not a party to this action and is not an agent of Defendant, as discussed above. Florida law precludes vicarious liability for the conduct of non-agents. Given the undisputed facts as alleged in the Complaint, no amendment will alter Mr. Kaplan's non-agent actions into actions as an agent of Defendant. Accordingly, the Court will not permit Plaintiffs to further amend the complaint.

### Conclusion

IT IS THEREFORE ORDERED as follows: Defendant's Motion to Dismiss (Doc. 28) is GRANTED. The Complaint (Doc. 27) is hereby DISMISSED. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 16th day of August, 2021.

Honorable Scott H. Rash
United States District Judge